## JOYNT, et ux v. WINN DIXIE STORES, Inc.
### No. 72 C 413.
Circuit Court, Fifteenth Judicial Circuit.

September 28, 1972.

John T. Christiansen of Sales, Metzger & Christiansen, Palm Beach, for the plaintiffs.

L. Martin Flanagan of Jones, Paine & Foster, West Palm Beach, for the defendant.

CULVER SMITH, Circuit Judge.

This cause was presented on plaintiffs' motion for a protective order. The time scheduled for the taking of the deposition of the plaintiff, Cynthia Joynt, has passed and the notice of same is now moot and counsel agreed that the original date set was not vital. They ask the court to make a ruling to govern the taking of plaintiff's deposition.

The court has studied the authorities and concludes that a plaintiff, having chosen the forum, whether such choice is optional or compulsory, is required, upon proper notice, to give his deposition in the forum where the action is pending. This means at a time sufficiently in advance of trial to enable a defendant to have time to conduct further discovery and otherwise properly prepare his case.

The court may, as an alternative, provide that plaintiff's deposition may be taken at plaintiff's place of residence on condition that all expenses of defendant's attorney and a reasonable counsel fee be paid by the plaintiff.

As in any other phase of litigation, there may, at times, be a situation, whether temporary or permanent, which constitutes good cause for a protective order. A strict view must be taken of this. A motion for protective order in such a case must be properly verified and supported. In the instant case the pretrial conference is scheduled for November 30, 1972 and the trial is set on January 8, 1973.

It is thereupon ordered and adjudged that the plaintiff, Cynthia Joynt, submit to the taking of her deposition in Palm Beach County, Florida, upon proper notice, at a time not later than November 24, 1972.

It is further ordered and adjudged that as an alternative, said plaintiff's deposition may be taken at the place of her residence with payment to defendant of the expenses mentioned above herein.